Good morning, Your Honor. Robert Koldrin, Hart King & Koldrin, representing Ventura Mobile Home Park Owners Association. Does each side have ten minutes or twenty minutes? Twenty minutes. May I reserve four minutes and ask that I be alerted to the four minutes? We're not going to wave at you, but if you can keep an eye on the clock there. I thought maybe there was a way to set the timer so that... I'll try to keep an eye on it. I'll try to figure it out myself. Thank you, Your Honor. What we're here today on appeals trying to do as the Ventura Mobile Home Park Owners Association is find a way to allow these people to vindicate their federal constitutional rights in federal court. I practice in this area a lot. We run a gauntlet constantly of trying to find an avenue to get these property rights protections afforded some sort of protection by the district court. It's interesting because we now have three decisions. We have the Richardson decision, the Cayetano decision. At least Cayetano won. We're waiting for the second phase of Cayetano. And most recently, the Hacienda decision decided on February the 18th, which my office argued. All of which say that this is a cognizable constitutional theory. In other words, that if you can demonstrate that this premium exists, you win. That it's a violation of the Constitution to allow for this kind of a premium transfer. Why don't you sue that within a year of its enactment? Well, because the predicate facts, which would be necessary in order to sustain a lawsuit, don't exist at the time of the passage of the ordinance. That's the teaching of Hacienda. That's the teaching of Cayetano. In fact, Cayetano won. You'll recall was a case similarly situated from the standpoint that it was a 12b-6 case. And the district court granted the 12b-6. And the Ninth Circuit said, you can't do that. There has to be a trial. You need to find out whether or not the facts exist or not. Let's go back and find out when the predicate facts exist and when they arose. And the predicate facts can't exist in a flat or down market because there would be no premium, right? Or let's take an even more extreme. You're correct, Judge B. But let's take an even more extreme example. Let's say that there were no park owners when the ordinance was passed. I mean, that's one of the things that I find interesting about this conundrum, or Catch-22, of rightness versus statute of limitations claims, is that these issues are equally applicable, in my view, to any bill of rights violation case, at least in terms of the statute of limitations. Why didn't you use the procedures at the State Council level to get a rise in the premium? Well, uniquely, Judge Bea, uniquely, Judge Bea, in this case, we did. The Ventura County, the Ventura City rent control ordinance, and it's in the record at 31, has a provision in it that specifically says, and this is unique because there are hundreds of these ordinances, over a hundred, I should say, in the various municipalities and counties here in the State of California that have mobile home park-specific rent control, but this one has this odd provision that says, the City Council is charged with reviewing the effectiveness of the ordinance periodically and taking whatever steps are necessary or appropriate, and I'm paraphrasing now, in order to effectuate its purposes and make sure that it's operating properly. That is precisely what my clients did. My clients went to the, and it's in the record, and it's alleged in the complaint. And as the Hacienda Court observes, it is, the problem in Lavalde was not that the, was not that it was characterized as a facial versus as applied challenge, per se. The problem in Lavalde was that the property owner, when he sued, said, there are no set of circumstances under which this ordinance could be constitutional. Thus, it was by definition a facial challenge. And Hacienda, in fact, the Hacienda case answered a number of the issues that were briefed by the parties. I thought that was interesting that we briefed all of these issues, had to do with statute of limitations and rightness, and then along comes Hacienda, which answers many of them. So, and this is, I'm pointing now from the Hacienda opinion on page 5. All I have is the Lexis version. It says, a close reading of the opinion shows that it was not the fact that Lavalde was bringing a premium challenge that made it a facial challenge, but the way that Lavalde supported the argument, by attacking only the laws that made it a facial challenge. In fact, we noted that an as applied challenge to a premium was possible, but rejected it in the case because Lavalde had not argued the proposition appropriately. In our case, the complaint doesn't say this ordinance is unconstitutional, period. Our case says this ordinance is unconstitutional under these circumstances, under these set of facts, for the following reasons. What action did you take at the city council to tell them how many dollars you had lost and how many dollars you wanted them to pay you because of their actions? Well, that's one of the issues with a 12B6 motion. Our complaint alleges that we applied to the city, that we sought relief under these provisions of the ordinance that requires the city to act, and that the city rebuffed us. I happen to know what those actual underlying details are. We wrote letters to the city attorney, Bob Beam. Is this in the record right now? I think it's probably in the record in oral argument, but it's in oral argument before the district court, but it is not part of our complaint below. Was there a First Amendment complaint? Yes, there is a First Amendment complaint. I know, but it's what you're about to say. Point to me where in your First Amendment complaint, what paragraph do you say, We went to Oxnard with its own ordinance and asked them to give us a certain amount of money, which we were losing, and they turned us down. Can you tell me about that? That's what we're talking about in rightness, right? That's the First Amendment complaint. All right. Starting at 258, 258. And now I'm just looking for the specific paragraph after that. I'm sorry, Your Honor, 259, paragraph 30. You met with the representatives. You talked to them. Did you ever file a written claim saying we've lost dollars X because of the premium that is being given to these other people, and we want it from you, the taxpayers? Absolutely. We sat in an all-day session. No, no. Where does it say in the complaint that you did that? Your Honor, it indeed plaintiff is, I'm now reading from 260. 260 now, okay. Show me where you allege that you made a claim for a concrete amount of money and were turned down. I finally see what you're driving at. In the Hacienda case, the court indicates that we fail to, that the park owner in Hacienda failed to meet the second prong of Williamson because the park owner in Hacienda failed to actually say to the city, I want to be paid for that which you've taken from me. I thought, Judge. That was my question. Okay. But moving to your specific question, that I think is the key issue before us today. The question is, do we need to exhaust the second prong of Williamson? We admit we have not exhausted the second prong of Williamson. What we are here arguing is that in a substantial advancement case, there is by definition no second prong of Williamson requirement. There cannot be a second prong of Williamson requirement, i.e., a requirement that we exhaust our State court remedies, including administrative ones, to seek compensation. We are claiming that the ordinance does not substantially advance a legitimate governmental purpose. And as a result, we are entitled to have the ordinance invalidated. As soon as you say that, then you're talking about a facial challenge. No, we aren't. Respectfully, Judge, we are not. We are saying that as applied. And, again, I was reading from the First Amendment complaint, where in preparing the First Amendment complaint, we took advantage of the teachings of Richardson and Cayetano and the other cases, and we alleged that there were all of these facts that came into play after passage of the ordinance that rendered the ordinance unconstitutional. Because it didn't substantially advance the valid governmental purpose of keeping the rents down because the cost of shelter went up because of the other things that they did. Are you abandoning your claim that you need not comply with a second prong of Williamson because you're not asking for money? We're not abandoning that claim. We have never claimed that. Our position is that we have never had to exhaust the second prong of Williamson. Because the legislation does not legitimately advance a governmental interest. Exactly. To the extent our complaint may well, for example, if we want to read through the complaint, our complaint may well say we want money, and it may well also say we want invalidity of the ordinance. I'm focusing before you today only on one. I know it says we want invalidity of the ordinance. And the one thing that I'm asking for today is for this Court to recognize that we have a right to challenge an unconstitutional ordinance and to have it invalidated if we win a trial on that basis. How does the statute of limitations work on a facial challenge? Like if a new company were formed today, if you started your own mobile home park, and you set up a corporation, and it had never existed before, would it have a claim for facial challenge when it was formed? Setting aside the issue of legitimate investment-backed expectations, which the city would argue you bought into the problem here in Ventura, and so you now can't challenge it. Setting that aside, setting that issue aside for a minute, you make an extraordinarily good point. I use, and I know it's a very harsh one, but I use the analogy, let's assume that the city of Ventura passes a law that says that blacks will be enslaved in the city of Ventura, and that no black challenges that ordinance for a year. Now a black person moves into Ventura, and that individual is imprisoned. There are different issues on that, but let's stick with the mobile home park issue. If somebody moves, if a corporation that wasn't doing business in this jurisdiction, moves to the state and starts doing business, are they foreclosed from doing a facial challenge because the statute's been sitting around for a number of years? Pre-Hacienda and pre-Palo Zollo, I would say the answer to that would have been yes, and the reason for that is because Laval drew an extraordinarily bright line. Laval simply said all substantial advancement claims are facial claims, and all facial claims must be brought within a year. At least that's how the district courts interpreted it. Now we have Hacienda that comes along and says, that's not really what Laval said. But I'm having trouble with conceptually, and I haven't maybe read those cases in detail, which I'll have to do before I decide what I think about this, but normally a person's claim doesn't accrue until the person has some ability to make a claim. So if somebody just, if a new corporation were formed, or if someone entered the state, entered the regulatory area, it's hard for me to see how their claim has already run under the statute of limitations. Exactly. The issue is that we have the confluence of federal 1983 law that says we're going to borrow the state's one-year statute of limitations for 1983 claims, and then you're going to join with that some Laval type, again, historically it's been assumed that Laval meant, even if all of the other elements necessary to complete the cause of action weren't present, i.e., you don't have somebody in the jurisdiction who can challenge it. The plaintiff here was in the area, right? Yes. I'm sorry. I thought your question was let's assume that. Assume they're not. Right. But I'm just trying to figure out how does that, does that principle, does that affect your clients? It affects us from the standpoint that we're saying we didn't have a cause of action when the ordinance was passed. We didn't have a cause of action or a claim. Who sued in federal or state court and gone to trial, the conclusion would have been you have failed to show any injury or damage. You cannot proceed. Or you have. They weren't around or not in existence, but because there was no premium. Exactly. Or you have failed. Cause of action until the circumstances arise that create a premium. Right. Or, more importantly, you can't show a premium because it doesn't exist, because your mobile home parks were all empty at the time the ordinance was passed. It wasn't until the mobile home parks filled up and homes, by the way, were selling $70,000 trailers were selling in the city for $279,000. It was not until that point in time that there was a recognition that there was a premium and there was a transfer of wealth and there was an unconstitutional taking such that this ordinance does not substantially advance any legitimate governmental purpose. You wanted to save four minutes, you said. Thank you for pointing out I had four more seconds, but I'll wait. Thank you. Good morning, Your Honors. I'm Henry Heeter. I represent the city of San Buenaventura. I'd like to begin by actually addressing the most recent question so I don't forget to answer it, and that is on a facial claim, which is basically that the ordinance will necessarily produce a premium in every case, which not only it's not the premium that makes the ordinance unconstitutional, it's the premium's vitiation or the premium prevents the ordinance from substantially furthering any government interest, not just a government interest of affordable housing, but any government interest. And prior to the Hacienda decision, the Ninth Circuit had, in a series of cases, held invariably that these were facial challenges, that premium-based challenges were facial challenges. The answer to your question, Your Honor, is that if a new park owner comes in or a new corporation is formed more than a year after the enactment of the ordinance, that the Ninth Circuit has held that that new park owner does not have standing to challenge, to challenge the ordinance because he did not own the park at the time the ordinance was enacted. But why would they have to? That just seems so bizarre to me. I guess which case did we hold that in? Your Honor, I wasn't prepared to answer that question. Don't worry about it. I'll figure it out later. Well, the answer to that question, if you look at a facial challenge, it's a challenge that arises upon enactment of the ordinance, and that's what the Ninth Circuit has held in the Anza Properties 10 case. That's why a facial challenge would only arise on enactment of an ordinance. The reason it does, Your Honor. People like protesters go into some city to do a march, and they want to challenge some regulatory ordinance about who can get a permit on its face, and they make a facial challenge, and they don't really have standing to do that until they have some reason they want to go march in Selma or something. Your Honor. Then they care about Selma's ordinance. But before that, they don't. So why would a homeowner or a local home park owner that didn't exist when the ordinance was passed get foreclosed by the statute? Well, two answers, Your Honor. First of all. If we said that, I guess that's a good enough answer, if that's what the Ninth Circuit says. Isn't that what the vault says? That's what the vault says. That's what Richardson says. I mean, and that's what Carson Harbor says. But I think the answer to your question, you know, is that, and quite frankly, I thought the Hacienda panel avoided, well, I think they misread Lavalde, and I don't know how to square their decision with Lavalde. I know it takes an en banc panel to overrule a prior decision or other panel decision. And so I question whether the language in Lavalde can be squared with the language in Hacienda. I don't think it can. Don't you agree, Counsel, that an accurate economic analysis of the situation shows that simply upon the enactment of the ordinance, one can't know whether there will be a premium, therefore damage, and damage is an essential element of a cause of action, until one knows what the market does. How can you say, except that Lavalde said it, that all the facial challenges occur at the time of the enactment? Well, actually, Your Honor, the Court said it in the Chevron v. Cayetano case. That was a facial challenge also. And the Court said, is what it said, is that, first of all, the theory of a facial challenge. It was a facial challenge, and it was a flat or declining market. I understand, Your Honor. The plaintiff would be in the absurd situation of saying, I've had to make this challenge because in the future the market might go up, but right now I have no damages. And the minute he says that, isn't he subject to a motion of summary judgment because there's an essential element missing of the cause of action, damages? Can I explain, Your Honor? Yeah. Okay. Please do. A facial challenge is an extreme challenge to an ordinance. It seeks to invalidate the whole ordinance. It's not attacking a particular application. It's attacking the face of the ordinance itself. This Court has held that when you're making a facial challenge, and so has the United States Supreme Court, the challenge basically says that this ordinance cannot work on its face no matter how it's applied. It's going to fail necessarily because of the way it's constructed. But that's not what the plaintiff's doing. Your Honor, I'm trying to answer your question. He wanted to say that's what he's doing, but that's not what he's doing. He's saying when we have damage, then this ordinance works to the privacy of our property. Your Honor, the theory of a premium-based challenge is not that the park owner has been damaged. In fact, they're disavowing damage here because they want to avoid the ripeness prong of Williamson, the second one. The theory of a facial challenge, your remedy is to invalidate the ordinance. If you have an as-applied challenge which attacks a particular application of the ordinance, say you get a rent increase that doesn't provide you a fair and reasonable return, an economic taking, you're attacking that particular application. You take a writ of administrative mandate from that decision. You're seeking to invalidate that decision. You're seeking to have it sent back. You're seeking a further rent increase to make you whole. You're attacking a particular application. You're not going to invalidate the whole ordinance because in one application it may have failed. But the facial challenge itself, which the Ninth Circuit prior to Hacienda said a premium-based challenge necessarily was, is that the ordinance cannot succeed no matter how it's applied. And that's in Cayetano to say the way you prove it. That's what I'm saying because the ordinance might succeed if it kept the cost of shelter down. It hasn't succeeded because of the acts, alleged acts, of the city council in changing the market dynamics. The problem with that argument is if you look at the Laval decision at page 688, that's 998F2nd, and this is why I believe the Hacienda panel did not deal fairly with that decision, not quote from this. And this is a park owner that's trying to avoid the facial statute of limitations by saying, well, the premium arose sometime later, exactly what's being alleged here. I'll quote, Laval further argues that the cause of action in this case did not accrue until property values in Palm Desert increased dramatically years following the enactment. The Ninth Circuit squarely rejected that, saying it failed to distinguish between an as-implied and a facial claim. It said you can't avoid a premium-based claim. It's what Laval is saying, a premium-based claim is necessarily a facial claim. Laval says that you should sue within one year even though, if you're challenging the ordinance, even though there's no damage. Essential element of the cause of action is irrelevant under Laval's reading of facial challenge jurisprudence. No, Your Honor. Respectfully, no. When you're attacked in the face of an ordinance and you're seeking to invalidate the ordinance, you're not necessarily seeking damages. There's two types of takings. There's an economics taking where you've been deprived of all economically beneficial use of your property. There's a substantive process taking where you haven't received a fair and reasonable return. Those two types of economic takings entitle you to damages or future rent increases to make you whole. The failure to substantially advance claim as a facial claim was traditionally a claim that sought equitable relief to enjoin, to declare the statute or ordinance unconstitutional and enjoin its operation. It did not necessarily, it did not necessarily seek damages. So damages was never an essential. Based on the idea that the reason that legislation did not substantially advance a legitimate governmental purpose was because of market conditions caused by the appropriating government but not known at the time of the enactment of the legislation. What Chevron says is you use approval. Isn't that what they're saying? They're saying we didn't know that all of your combined market affecting ordinances would result in legislation which did not substantially advance the legitimate governmental interest of reducing the cost of shelter. The problem here is they don't have the distinction between if you want to, distinguish LaValle from Hacienda and ask yourself does this case look more like LaValle or more like Hacienda than quite frankly here. In Hacienda they had an application of the ordinance. They had a park owner who had gone in for a rent increase. It was denied. And the Ninth Circuit panel in Hacienda says well that's an application of the ordinance that you're alleging gives rise to premium. Now that's not correct because premium never exists. And so a homeowner in the future goes to sell his home and gets more for his home than the fair market value of the home. So actually the factual underpinning of Hacienda doesn't make sense. But let's compare this case to LaValle. Where is the application, the particular application of the ordinance in this case that makes it an as applied claim? When the city of Ventura enacts a series of rent control measures and zoning control measures to reduce the availability of low cost housing so that a premium occurs on the existing housing. That is what I thought was the allegation of the plaintiff. Maybe I've got it wrong. Well I've looked at the complaint, the First Amendment complaint, Your Honor, and there is no allegation as to a particular application of the ordinance. There's an allegation that they asked the city to amend its ordinance. A failure to amend an ordinance is not an application of the ordinance. And more significantly in answer to your question, Your Honor, is that the issue of premium is an alternative basis for affirmance is actually a red herring in this case. Because if you look at the face of the ordinance, this ordinance has three stated purposes. One is to protect the existing residents from excessive rent increases. There is no allegation that the premium prevents the ordinance from doing that. Number two, the ordinance has a stated purpose of protecting the investment in the existing homeowners' homes. Not only is there no allegation that the existence of a premium prevents the ordinance from fulfilling that legitimate government purpose, but this Court in the Carson case, the Carson Harbor case, which is cited in our papers, actually says that, well, if you're trying to protect the equity in the homeowners' homes, the existing homeowners' homes, the allegation that the ordinance has created a premium, not only does that not show that the ordinance is not fulfilling a legitimate government purpose, but it's basically admission that you're protecting the equity in the homeowners' homes. So the real problem with their case here is they're attacking the ordinance for not furthering a purpose of preserving affordable housing, a purpose that does not appear on the face of the ordinance. It's not a stated purpose. And they don't address the issue of the stated purposes of the ordinances, which are to protect the existing homeowners' equity, which you do by preventing the park owner from raising rents unreasonably high when they go to sell their homes, because the park owner is taking equity out of the homeowners' home. It's the reverse of their capitalization argument, the premium, and protecting the existing homeowners from excessive rent increases. In fact, if you look at Hacienda, the conundrum created by that decision is that the Court is saying, well, you ask for a big rent increase and that's an application of the ordinance that you can say maybe gives rise to a premium. Of course, by denying the big rent increase, the ordinance immediately substantially furthers the goal of protecting everybody from excessive rent increases. Instantly, the ordinance, by denying that rent increase, makes everyone's homes, the existing tenants' homes, more affordable. And the issue of a premium can only arise in the future when a home is sold. What would the rent levels be then? Whatever the complex economic factors that help give rise to a premium, whether they would or not exist then. The problem here is we don't have any particular application of the ordinance alleged that gives rise to the premium. It's just something amorphous that occurred over a period of years. We don't have a remedy, because they're disclaiming a remedy for damages, which would throw them into the second prong of Williamson's rightness. If there's no damages request, no damages remedy, and you can't invalidate the ordinance because it appears the ordinance has worked for a number of years, and you're only attacking a particular application that you either seek to invalidate or do something about, then what's your remedy? Where is the application that you're complaining about? And if you're not seeking damages for that application, what's your remedy with that particular application? That's the real problem with this case. The case attacks the ordinance for not fulfilling a purpose it doesn't purport to have. It ignores the legitimate government purposes it does purport to have. It doesn't say the premium stops the ordinance from protecting residents from excessive rent increases. On its face, it does. It does not say the premium stops the ordinance from protecting the equity and the existing homeowners' homes, which it does. And the Ninth Circuit in the Carson Harbor case says that's an admission that it's working. That's the real vice of their complaint. They are seeking to place this ordinance and are trying to fit it into this Procrustean bed of Richardson, an ordinance which had a different purpose, which in that case the Court found the premium did interfere with the purpose. But the premium is irrelevant. The transfer of wealth occurs under all land use decisions. That's not the taking. The taking can only occur if the premium prevents the ordinance from substantially advancing any government purpose. As long as the ordinance substantially furthers any particular government purpose, the fact that it creates a premium is irrelevant. The fact that my home may be hooked up to a price-regulated utility benefits me. And you could say, well, gee, when I go to sell my home, someone's going to pay more for my home because it's hooked up to a regulated utility as opposed to a home that's not. Kennedy. Isn't that an issue that can be resolved on a motion to dismiss? It's always resolved on a motion to dismiss, with the exception of I think the Cayetano case is the one where an ordinance has been initially enacted. You listen to evidence of predictive fact as to whether it's going to succeed or fail, which I think is problematic, but that's what they said in that decision, which in part answers your question. How can you tell whether an ordinance is going to succeed or fail? And the Cayetano Court says, well, you take evidence of predictive fact. But in this case, first of all, failure to state a claim. There is no allegation that this premium will prevent the ordinance from substantially furthering its stated purposes. No disagreement that those stated purposes are legitimate government purposes. Even in the opening brief, they say, well, here's the stated purposes of the ordinance. Protect against high rent increases. Protect the investment in the homes. Then there's an entire disconnect when they talk about retribution. Well, the ordinance isn't furthering the purpose of preserving affordable housing. It doesn't have that as a stated purpose. It has other stated purposes. And there's never been an allegation that this premium prevents it from furthering those purposes. Let me just try to think this through. If there is no allegation that the ordinance doesn't advance the stated purpose, then this is not a facial challenge. It's a failed facial challenge because it fails to state a claim. But then dismissal for statute of limitations was wrong? I don't believe so, Your Honor. I think it's a facial challenge. I mean, the question is, what's the narrow ground for dismissal? Well, the judge threw it out on the grounds that if it's a facial challenge, it's filed too late. And if it's an as-applied claim, it's unright because they haven't pursued the remedies and stated purposes. You're arguing something else now. I am arguing that we urge there's an alternative ground for dismissal below that it also fails to state a claim on the merits, which was not a ground that the court reached in dismissing the complaint. I'm saying that that, even above and beyond the interesting legal questions raised by the Hacienda decision, I say beyond those technical questions, a more fundamental problem with their complaint is that the issue of premium is a red herring. It doesn't have anything to do with this ordinance's purposes. It doesn't frustrate them. There's no allegation that it does frustrate them. There is an attempt to this ordinance is being criticized for not fulfilling or substantially furthering a purpose it does not purport to have on its face. Would we be correct to say that even if this is not a facial challenge, the district judge should be affirmed because it's not ripe, because there was never an application made for compensation? Yes, Your Honor. In other words, if you are going to make an as-applied claim, first of all, the nature of an as-applied claim, it attacks a particular application of the ordinance. Now, you can say we say that the district judge was wrong in trying to fit this into the facial challenge pigeonhole. No, Your Honor. I think the district court was correct because if you look at the Laval language, because they didn't allege in their complaint that the premium arose from any particular application of the ordinance. They made the same claim as Laval did that somehow this premium arose after the enactment of the ordinance. Now, when you're saying the premium arises after the enactment of the ordinance, what the Ninth Circuit said in Laval, well, look, you know, you can't. It seems to me inconsistent for you to say he's alleged a facial challenge, and therefore it's a facial challenge was filed too late, so he loses on statute of limitations grounds, and then to also say, but he didn't really allege a facial challenge. No, no, Your Honor. I'm not saying that. I'm sorry if I confused the court. I am saying that I believe that the allegations in the complaint, to the extent they allege the ordinance does not substantially further legitimate government purpose, number one, it is a facial challenge that is barred by the statute of limitations. It's a facial challenge because it does not allege that any particular application of the ordinance gave rise to the premium. A premium. He does allege that the economic circumstances not known to him at the time of the ordinance's adoption gave rise to the premium. You're saying that it can't be an as-applied challenge unless he says as-applied to my property or as-applied in this circumstance. He's saying as-applied in the market under the economic circumstances which obtained, then it became a premium. I guess the answer to that question, Your Honor, is that under a facial challenge, courts are allowed to strike down an ordinance as facially unconstitutional if there's no possible way it can work. But as to the wisdom of whether a particular ordinance that has been on the books may be too long and no longer is doing a good job of fulfilling its purposes, that's a legislative decision. That leaves the park owner with, if the park owner has a complaint about a particular application of the ordinance, he can bring an as-applied challenge. Why can't an as-applied challenge be made to a statute as applied to a particular period of time, to market conditions during that period make it unconstitutional, as opposed to it's unconstitutional as applied to the sale by John Smith of his mobile home? Because, again, in a premium-based challenge, keep in mind the creation of the premium isn't what's unconstitutional. Okay? It's the creation of the premium, the supposed transfer of wealth is not unconstitutional. It's only unconstitutional if it prevents the ordinance from fulfilling any substantial government purpose. Now, in the mobile home rent control field, the theory of a premium is that the premium arises when a resident goes to sell his home. The park owner, because of vacancy control, cannot increase the rent to quote-unquote market levels at that time. And therefore, an incoming homeowner is going to pay more for the home because the existing homeowner will capitalize the future rent savings and pass it on. That's the economic theory. I don't think it's ever been proven it happens in practice, but that's the economic theory. So, again, you could argue... If you finish your point, then... I'm sorry. So, if you wanted to try and make that kind of allegation, and Hacienda, the particular application, was an application for a rent increase to eliminate the premium, I guess you could, when a home goes for sale in the park, you could ask the Rent Stabilization Board for a rent increase upon the sale of that home to prevent that home from being sold at a premium. So that particular application of the ordinance would not fail to substantially further some legitimate government purpose. That would be, I guess, under the Hacienda decision, if you wanted to attack or if you wanted to make the substantially further challenge into an as-applied challenge, which, again, I don't think it is and I don't think it can be. Thank you very much, Mr. Eder. Thank you. Counsel, would you please address the point made by Counsel for Ventura that you have not alleged that the purposes of this statute are frustrating? The notion of the protection of high rents, protection from high rents or rent gouging, which is a stated purpose of the ordinance, I think must be interpreted by this Court as saying what we're trying to do is preserve and protect the housing values in the area. And Richardson recognized that. Excuse me, the affordability, not housing values, the affordability. Richardson recognized that because, remember, in the Richardson case, it was the absence of a premium of a mechanism in the ordinance designed to prevent the creation of this premium on transfer that rendered the ordinance unconstitutional. They were saying the same thing in Richardson. In other words, the stated purpose of the Richardson ordinance was to keep these rent levels down. But the Court there said, no, that's you're not needing, you're not substantially advancing that sort of a purpose unless you also are providing your ordinance a mechanism that's designed to prevent the creation of this tremendous wealth transfer premium that occurs that in turn frustrates completely the notion of the ordinance. Kennedy. I perhaps didn't phrase my question to you as precisely as I might have. Would you point to me to a paragraph and page in your complaint where you allege that the stated purposes of the legislation are not being substantially advanced? I apologize. I only have two minutes and 22 seconds. I will try to use ‑‑ if I can't find it in 30 seconds, perhaps I'll just have to beg off on that. You claim you did so allege? Yes. We allege that the ordinance does not substantially advance a legitimate governmental purpose. We allege that in the complaint. Now, whether that be a stated purpose in the ordinance or whether that be a necessary, absolutely, I mean, if you're going to say we want to provide affordable housing by keeping rents low in the city of Ventura, but in the same breath, will the park owners come in and say, wait a minute, you're doing exactly the opposite here. You're creating a situation where no one can afford to move into these areas anymore because people have to pay $279,000 for a mobile home that you could buy every day on a dealer's lot for $75,000. There's another aspect to this appeal, you'll recall, and that has to do with the district court's decision to, A, retain jurisdiction over the supplemental claims even after the district court had determined that we were out of court on the federal claims, and, B, then decide those purely state court claims in a fashion adverse to the park owner. We strongly feel and would ask that the court please consider the fact that, A, that was an abuse of discretion in our view for the district court to so act. Remember, this is a 12B6, and unlike the kinds of cases where the court has retained supplemental jurisdiction over state claims even after the federal claims have dissipated, those cases, in fact, the most recent one, the Trichler case out of the Ninth Circuit, decided February 18th, said that after, if the federal claims are dismissed on the eve of trial, the court can still move ahead with the state claims. Here, I think it was inappropriate for the district court to take on these purely state claims. They had to do with preemption under the mobile home residency law. So not only was it inappropriate for the district court to do that, but what should have happened is those should have been remanded back to us to take to state court if we wanted to litigate those claims, but also the court was just flat wrong on its decision that those, that our preemption claims were not appropriate. So it substantively decided those claims were wrong. And the proof is ‑‑ Can they be dismissed with prejudice? Absolutely. If they had been dismissed without prejudice, could you have filed in state court? Absolutely. And that's what routinely happens in my experience when we're in federal court and our federal claims get dismissed at the pleading stage like this, we get, we certainly preserve our state claims, particularly state claims such as this, or of such a peculiar state nature as preemption under the California mobile home residency law. It's just inappropriate in our view for a district court and a 12B6 to proceed on that. In conclusion, I just want to say that with regard to the as applied and facial issues, you understand the conundrum very clearly. Just give us a road map. If we don't have access to the federal courts, if there is no such thing as access of an aggrieved park owner under these circumstances to the federal courts, if you can't run the gauntlet, tell us that. Please don't, let's not get on, you know, we're either, every single one of these cases thus far, we've either been not right because we haven't exhausted the second prong of Williamson, which, again, we don't have to exhaust here because we're claiming substantial advancement claim and not a takings claim, or we're out of court on the statute of limitations. That can't be, that just can't be the law in our view. Thank you. Thank you very much. Thank you, gentlemen. The case just argued is submitted. We'll stand at recess for today. All rise. Recess is adjourned.
judges: Silverman, Gould, Bea